# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| Yeti Coolers, LLC, § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> Mercatalyst, Inc., TerraCycle US, § <br> LLC, Aksha Plastic, Inc., Devang H. § <br> Patel, Oscar Guel, Robert N. Rezak, § <br> Global Xcessories, Inc., and Daniel § <br> Gavrielov, § <br> *Defendants* § | Case No. 1:22-CV-01337-DAE |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DAVID A. EZRA**
**UNITED STATES DISTRICT JUDGE**

Now before the Court is Plaintiff Yeti Coolers, LLC's Motion for Default Judgment with Respect to Defendant Oscar Guel, filed June 29, 2023 (Dkt. 45). By Text Order entered July 20, 2023, the District Court referred the motion to this Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.  Background

Yeti owns several registrations on the Principal Register of the United States Patent and Trademark Office for the mark YETI for retail services, clothing, and bags, including jackets, backpacks, and tote bags. Exh. 1 to First Amended Complaint, Dkt. 29-1 at 1-7. Yeti sues Defendant Oscar Guel for trademark infringement and dilution and false designation of origin under federal law and for unfair competition and conversion under common law.

1

Yeti alleges that it contracted with another defendant, TerraCycle US, LLC ("TerraCycle"), to destroy and recycle thousands of YETI-branded jackets it never released and discontinued styles of backpacks and tote bags, but the YETI-branded goods "wound up in the possession of various unauthorized entities and individuals across the country, who attempted to and did re-sell them illegally." Dkt. 29 ¶ 5. Yeti alleges that after the goods were stolen, they were sold through the gray market by a network of third-party middlemen, including Guel, for sale to consumers. *Id.* ¶¶ 6, 60; Dkt. 45 at 8. Yeti now seeks a default judgment against Guel.

Yeti served its First Amended Complaint on Guel on May 4, 2023. Dkt. 35. Guel has made no appearance and failed to properly plead, respond, or otherwise defend. On June 9, 2023, the Clerk of Court granted Yeti's motion for an entry of default. Dkt. 38. Yeti then filed this Motion for Default Judgment. Guel has not answered the First Amended Complaint or otherwise defended Yeti's claims.

## II.     Legal Standard

Under Rule 55 of the Federal Rules of Civil Procedure, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id*. Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). There must be a sufficient basis in the pleadings for the judgment entered. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Entry of default judgment is within the court's discretion. *See Stelly v. Duriso*, 982 F.3d 403, 406 (5th Cir. 2020); *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### III.     Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012). Here, the Court's analysis begins and ends with jurisdiction.

When a party seeks entry of default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). Because this case involves claims under the Lanham Act, Yeti invokes the Court's original federal question subject matter jurisdiction and its jurisdiction over trademark actions. 28 U.S.C. §§ 1331, 1338. As to personal jurisdiction, Yeti alleges in its First Amended Complaint that Guel is a resident of California. Dkt. 29 ¶ 17. Yeti further alleges that the Court has personal jurisdiction over Guel because,

> on information and belief, Guel has purposefully availed himself of the benefits of doing business in Texas and has established minimum contacts with the State of Texas for purposes of personal jurisdiction. In particular, Guel caused and facilitated the illegal transfer of the stolen YETI®-branded jackets and tote bags through various middle-men to [Defendant Mercatalyst, Inc.] in Texas, whereupon the stolen goods were sold to consumers, including in the state of Texas, thereby causing harm to YETI in the State of Texas and in this District.

*Id.* ¶ 28. Yeti does not address jurisdiction in its Motion for Default Judgment and cites no authority that its allegations show the Court's personal jurisdiction over Guel.

Taking Yeti's factual allegations as true, Yeti contracted with Defendant TerraCycle, a Delaware limited liability company with its primary place of business in New Jersey, to destroy and recycle the goods at issue. *Id.* ¶¶ 14, 44. Yeti shipped the goods to TerraCycle's subcontractor, Defendant Akshar Plastic, Inc. ("Akshar"), in Illinois. *Id.* ¶ 46. Akshar instead negotiated three transactions totaling $135,799.20 with Guel, doing business as Imperium, for the sale of thousands

3

of tote bags, backpacks, and jackets. *Id.* ¶ 63; Declaration of Enrique Loza, Dkt. 45-1 ¶¶ 3-9, 12-13. Guel sold the stolen goods to Enrique Loza of Utah for $260,000, and Loza sold them to Defendants Robert N. Rezak and Global Xcessories, Inc. in New Jersey. Dkt. 29 ¶ 63. The goods were shipped directly from Akshar in Illinois to Global Xcessories in New Jersey. Dkt. 45-1 ¶ 13. Rezak and Global Xcessories "marketed and sold the YETI®-Branded Goods stolen from YETI through several channels." Dkt. 29 ¶ 65.

Assuming Yeti asserts only specific personal jurisdiction over Guel, the Court inquires "whether there was some act by which the defendant purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011) (cleaned up). It is the defendant's conduct that must form the necessary connection with the forum state of Texas; "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 286 (2014).

The Court finds that Yeti has not pleaded facts sufficient to establish personal jurisdiction over Guel. Yeti has shown no contact between Guel, a California resident, and the state of Texas. Yeti alleges only that "Guel caused and facilitated the illegal transfer of the stolen YETI®-branded jackets and tote bags through various middle-men to Mercatalyst in Texas, whereupon the stolen goods were sold to consumers, including in the state of Texas, thereby causing harm to YETI in the State of Texas and in this District." Dkt. 29 ¶ 28. While Yeti alleges that its goods were sold to consumers in Texas and that Mercatalyst has a primary place of business in Carrollton, Texas, *id.* ¶¶ 6, 13, it shows no contact at all between Mercatalyst and Guel.

By alleging that Guel's actions "caus[ed] harm to YETI in the State of Texas and in this District," Yeti appears to invoke the effects test from *Calder v. Jones*, 465 U.S. 783 (1984), a

defamation case. But Yeti does not allege that Guel intentionally directed its activities to Texas or knew that it was highly likely Yeti would suffer harm in this state. As Judge Rosenthal explained in granting motions to set aside a default judgment and dismiss for lack of personal jurisdiction:

> "'Effects'" jurisdiction is premised on the idea that an act done outside a state that has consequences or effects within the forum state can suffice as a basis for personal jurisdiction if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 486 (5th Cir. 2008). "Such jurisdiction is rare." *Id.* "That the 'effects' test of *Calder* applies outside of the defamation context is clear; but the effects test is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state." *Allred v. Moore & Peterson*, 117 F.3d 278, 286 (5th Cir. 1997). Otherwise, "a nonresident defendant would be subject to jurisdiction in Texas for an intentional tort simply because the plaintiff's complaint alleged injury in Texas to Texas residents regardless of the defendant's contacts." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 870 (5th Cir. 2001) (per curiam).

*RCT Growth Partners L.L.C. v. Quad Ocean Grp. Ltd.*, No. H-14-2242, 2015 WL 5192492, at *5 (S.D. Tex. Sept. 3, 2015); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 400 (5th Cir. 2009) ("The 'effects' test in *Calder* does not supplant the need to demonstrate minimum contacts that constitute purposeful availment, that is, conduct by the non-resident defendant that invoked the benefits and protections of the state or was otherwise purposefully directed toward a state resident.").

Stated simply, mere injury to a forum resident is not a sufficient connection to the forum. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 103 (5th Cir. 2018) (citing *Walden*, 571 U.S. at 290 ("'Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State.'")). The Court finds that Yeti has not established personal jurisdiction over Guel. Therefore, the Court lacks jurisdiction to address the Motion for Default Judgment.

## IV.     Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Plaintiff Yeti Coolers, LLC's Motion for Default Judgment with Respect to Defendant Oscar Guel (Dkt. 45).

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 15, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE