IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Yeti Coolers, LLC,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:22-CV-01337-DAE |
| TerraCycle US, LLC, *et al.*,<br>*Defendants* | §<br>§ | |

**ORDER**

Now before the Court are Plaintiff Yeti Coolers, LLC's Motion to Compel Defendants Akshar Plastic, Inc. and Devang H. Patel to Provide Complete and Non-Evasive Interrogatory Answers and to Produce Documents Responsive to Requests for Production, filed February 21, 2024 (Dkt. 102); Defendants Devang H. Patel and Akshar Plastic, Inc.'s Response to Plaintiff Yeti Coller, LLC's Motion to Compel, filed February 28, 2024 (Dkt. 105); and Yeti's Reply, filed March 6, 2024 (Dkt. 107). By Text Order entered February 22, 2024, the District Court referred Yeti's motion to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.     Background**

Yeti brings claims against Defendants Akshar Plastic, Inc. and Devang H. Patel for trademark infringement and dilution, unfair competition, conversion, and fraud. First Amended Complaint, Dkt. 29. Yeti alleges that it contracted with another defendant, TerraCycle US, LLC, to destroy and recycle thousands of YETI-branded jackets it never released and discontinued styles of backpacks and tote bags, and that TerraCycle shipped them to subcontractor Akshar for destruction. *Id.* ¶ 2. But instead of recycling the goods, Yeti alleges, Akshar and chief operating officer Patel "facilitated the theft, unauthorized sale, marketing, and distribution" of its goods to

1

multiple middlemen and ultimately to the public. *Id.* ¶ 5. Yeti alleges: "All the evidence shows that Akshar and Patel were behind this theft of YETI's goods and infringement of its trademark." Dkt. 102 at 2. Yeti now asks the Court to compel these defendants to fully answer its interrogatories and produce additional documents.

## II.   Legal Standard

Under Rule 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). A discovery request is relevant when it seeks admissible evidence or "is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests on the party resisting discovery to substantiate its objections. *Lozano v. Baylor Univ.*, 339 F.R.D. 447, 450 (W.D. Tex. 2020).

A trial court enjoys wide discretion in determining the scope and effect of discovery. *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

### III.   Analysis

The Court grants in part and denies in part Yeti's motion to compel, as detailed below.

### A. Unopposed and Conceded Requests

The Court **GRANTS** the motion to compel as to the following discovery requests, which Defendants do not oppose:

- Akshar Interrogatories Nos. 8, 9, 20, and 24; and
- Patel Interrogatories Nos. 8-9, 19, and 20.

The Court also **GRANTS** the motion to compel as to the following discovery requests, which Defendants do not address in their Response and thus concede:

- Patel Interrogatories Nos. 12 and 13;
- Akshar Requests for Production Nos. 4-11, 14-16, 18-19, 22-24, 26-27, 29, 32-33, 42-43, 46, and 50-56; and
- Patel Requests for Production Nos. 1-3, 6, 8-11, 13, 16-17, 26, 29, and 31-36.

### B. Akshar Interrogatories Nos. 11, 17, 19, and 25; Patel Interrogatory No. 10

Defendants have answered each of these interrogatories and served supplemental responses to some of them. Yeti contends that the answers are incomplete, but Defendants represent that their answers are full and complete. "To the extent that Yeti finds the answers unsatisfactory, it is beyond Akshar's and Patel's ability to cure: the Defendants are only able to provide the information they have." Dkt. 105 at 3. The Court finds Defendants' responses to these interrogatories sufficient and **DENIES** the motion to compel as to Akshar Interrogatories Nos. 11, 17, 19, and 25 and Patel Interrogatory No. 10.

### C. Requests for Financial and Legal Information

Finally, Yeti seeks to compel certain litigation and financial information. Defendants object that these requests are unduly burdensome and temporally overbroad, particularly since the alleged theft of Yeti's goods occurred in 2021, and ask the Court to limit them to the past three years.

The Court **GRANTS IN PART and DENIES IN PART** the motion to compel as to these requests and limits responsive information to 2020, the year before the events at issue, which the Court finds potentially relevant and proportional to the needs of this case. Specifically:

- Patel Interrogatory No. 18 ("Identify all income You received, including all sources of income other than Akshar, since 2016."): **GRANTED** as to all sources of income **since 2020**.

- Patel Request for Production No. 7 ("All tax returns (state, federal, and local) during the past ten (10) years."): **GRANTED** as to all tax returns **from 2020 to the present**.

- Akshar Request for Production No. 17 ("All tax returns (state, federal, and local) during the past ten (10) years."): **GRANTED** as to all tax returns **from 2020 to the present**.

- Akshar Request for Production No. 21 ("All Documents relating to any legal actions against You in the past ten (10) years, including both filed actions and actions that were threatened but resolved without a court filing or initiation of arbitration."): **GRANTED** as to legal actions **in the past four years**.

### IV. Conclusion

Plaintiff Yeti Coolers, LLC's Motion to Compel Defendants Akshar Plastic, Inc. and Devang H. Patel to Provide Complete and Non-Evasive Interrogatory Answers and to Produce Documents Responsive to Requests for Production (Dkt. 102) is **GRANTED IN PART and DENIED IN PART**, as detailed above.

For all requests as to which the motion to compel is granted, the Court **ORDERS** Defendants Akshar and Patel to serve complete answers to interrogatories and produce documents responsive to the requests for production **on or before April 8, 2024**.

All other relief not expressly granted herein, including Yeti's request for an award of attorneys' fees, is **DENIED**.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable David A. Ezra.

**SIGNED** on March 7, 2024.

                                                            SUSAN HIGHTOWER
                                                            UNITED STATES MAGISTRATE JUDGE